**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JAN THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-0626-CV-W-RED** |
| | ) | |
| **JIM CORWIN, CHIEF OF THE KANSAS CITY, MISSOURI POLICE DEPARTMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROTECTIVE ORDER**

NOW before the Court is the Joint Motion for Protective Order (Doc. 36). Plaintiff Jan Thomas and defendants Jim Corwin, Chief of the Kansas City, Missouri Police Department, and Karl Zobrist, Javier M. Perrez, Angela Wasson-Hunt, James Wilson and Mayor Kay Barnes, the individual board members of the Board of Police Commissioners of Kansas City, Missouri, have requested that this Court enter a Protective Order pursuant to Fed. R. Civ. P. 26(c). The parties have stipulated that discovery in this case may involve production of confidential information, including but not limited to plaintiff's tax and medical records, proprietary information belonging to the Kansas City, Missouri Police Department and private, sensitive information regarding current and former employees of the Police Department, including but not limited to their employment and medical records. The parties agree that any such confidential information shall not be used for any purpose other than this lawsuit. The parties have further agreed that any such confidential information shall not be made public, or be otherwise disseminated, except as set forth in this Protective Order.

Based on the parties' stipulation and agreements, and in order to preserve confidentiality and to facilitate discovery, this Court finds that good cause exists for the issuance of this Protective Order under Fed. R. Civ. P. 26(c). Therefore, it is hereby **ORDERED**:

1. For purposes of this Order, Confidential Information means information contained in any document, writing, paper, tangible thing, interrogatory answer, transcript of oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, paper, thing, transcript, answer or statement that any party in good faith believes involves the following: (1) tax and medical records of Jan Thomas; (2) employment and/or medical records of other current or former Police Department employees (including but not limited to, personal information, such as identity, addresses, work history, etc., employee performance reviews, compensation of any kind, benefits, medical information and records, requests for accommodation, reasons for personnel actions and internal complaints and investigations); and (3) other confidential or proprietary documents belonging to the Police Department. Confidential Information may include or be included in, but is not limited to, documents, papers, manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments that compromise, embody, or summarize material that the parties consider confidential, exclusive of information in the public domain.

2. The parties have agreed that for purposes of this litigation, for a document or thing containing information that a party in good faith considers confidential as described above and that the party wishes to be subject to this Order, the party shall mark or designate each page of the document or thing that contains such information as "CONFIDENTIAL." The other party shall

mark any copy made of such page or any abstract, summary or memorandum containing the confidential information "CONFIDENTIAL."

3. In designating information as "CONFIDENTIAL," a party shall make such a designation only as to materials which that party in good faith believes comprise or reflect currently sensitive or proprietary information which is not generally known and which that party, to the date of production, would normally not reveal to third parties or would cause third parties to maintain in confidence. Counsel for the party designating any information as "CONFIDENTIAL" may, in writing, agree to release any of the Confidential Information from the requirements of this Order.

4. CONFIDENTIAL material shall be used by the parties to this case solely for the purpose of conducting this case, and not for any other purpose whatsoever. Any such documents or information may be used, consistently with the terms of this Order, and without limitation, in pretrial discovery and at the trial or preparation for trial and any appeals from this action.

5. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(a) any counsel of record working on this action on behalf of any party, including in-house counsel, and all paralegal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel;

(b) any individual who is a party or any designee employed by a party, with disclosure only to the extent necessary to assist that party in this case;

(c) any person from whom testimony is taken, or any witness or potential witness in the case whose review of certain documents is in the good faith judgment of the disclosing party's attorney reasonably necessary to assist the attorney or the attorney's staff in the investigation or

preparation of the party's case, except that such person may only be shown copies of CONFIDENTIAL material and may not retain CONFIDENTIAL material;

(d) any individual who is retained as a consultant or expert by the parties in this action;

(e) any court reporter present in his/her official capacity at any hearing, deposition or other proceeding in this action; and

(f) the Court.

6. In the event a party seeks to maintain as confidential all or a portion of a deposition that qualifies for designation as "confidential information" under the standards set forth in this Order, such party shall notify all of the parties on the record during the deposition.

7. Notwithstanding the fact that a party has designated materials as confidential, such designation may be removed by the following procedure: A party may object to the designation of the materials as confidential within fifteen (15) days of receipt of the documents or information in question. Such an objection must be given to the other party in writing. Within ten (10) days of receiving written notice of objection, the parties must attempt to work out an agreement regarding the confidentiality of the materials; if such an agreement cannot be reached, the party designating such materials as "CONFIDENTIAL" will file a motion for a protective order with the Court to preserve the material's confidential designation. The material in question shall be kept confidential pending a final ruling by the court on the motion for a protective order. The fact that the material is designated "CONFIDENTIAL," however, shall not delay or otherwise interfere with its discovery.

8. All deposition transcripts, exhibits, interrogatory answers and other documents filed with the court that have been designated confidential by a party in accordance with this Order, or

any pleading or memorandum reproducing, quoting from, paraphrasing or otherwise substantially revealing the content of such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, and the words "CONFIDENTIAL: PROTECTED BY COURT ORDER FROM DISCLOSURE."

9. Prior to the time that any person other than the court, counsel or their clerical/support personnel is allowed to view any document or information produced pursuant to this Order, counsel shall show this Order, and obtain a signed copy of the Affidavit attached hereto as Exhibit "A" from, each such person other than counsel and their clerical/support personnel.

10. The parties and counsel for each party undertake to abide by and be bound by its provisions of this Order and to use due care to see that its provisions are known and adhered to by those under their supervision or control and will abide by and be bound by this Order even prior to Court approval. To the extent any of Plaintiff's tax or medical records have been produced by her attorneys or otherwise obtained by defense counsel prior to the execution of this Order, the parties understand and acknowledge that these records are subject to the terms of this Order.

11. After the conclusion of this litigation, including all appeals, each party shall return all documents designated as "CONFIDENTIAL" provided by or obtained from any other party in the litigation, together with all copies thereof to the party from which the documents were obtained. Alternatively, all such documents not returned shall be destroyed with written notice of the same provided to opposing counsel. An exception to this Paragraph is expressly permitted by the parties in order for counsel to retain any documents necessary to comply with any applicable ethics rules. At the end of the period required by the applicable ethics rules, any retained documents subject to

this Order shall be destroyed.

12. Nothing in this Order shall be construed to entitle any party to obtain any documents, thing, or information from another party or third party or to preclude any party from obtaining any document, thing or information from any party or third party.

13. The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

14. If any third party subpoenas or seeks to compel production of any confidential documents or information from the party who has received them under the terms of this protective order, the party who receives such subpoena or who is sought to be compelled to produce shall immediately give notice to the other parties of this action.

15. The terms of this Order are binding on the parties to the same extent as if approved by the Court until approved by the Court or the Court orders otherwise.

**IT IS SO ORDERED.**

DATE: April 1, 2005

*/s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JAN THOMAS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JIM CORWIN, CHIEF OF THE KANSAS CITY, MISSOURI POLICE DEPARTMENT, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 04-0626-CV-W-RED** |

**AFFIDAVIT AND EXHIBIT "A" TO PROTECTIVE ORDER**

I, ____________________, having been duly sworn according to law, hereby depose and say as follows:

My signature below indicates that I have read the Protective Order which is dated ______________ and marked with the caption of this case, and I understand and agree to its terms.

_________________________________________

Sworn to and subscribed before me
This __ day of ________________, 2005.

_________________________________________
Notary Public

My Commission Expires: